CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
APR 18 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:14-cr-00055 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SCOTT MATTHEW PIERCE, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

Scott Matthew Pierce, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the § 2255 motion as untimely filed.

I.

The court entered Petitioner's criminal judgment in on June 22, 2015, sentencing him to, inter alia, 210 months' incarceration after he pleaded guilty to distributing heroin that resulted in serious bodily injury and death, in violation of 21 U.S.C. § 841(a)(1). Petitioner did not appeal, and he filed the instant § 2255 motion no earlier than March 6, 2018. Petitioner argues that the United States Sentencing Guidelines were erroneously calculated for his sentence and that counsel rendered ineffective assistance during the plea and sentencing phases. The court conditionally filed the § 2255 motion, advised Petitioner that the § 2255 motion appeared to be untimely, and gave him the opportunity to explain why the court should consider it timely filed. Petitioner explains in response that the motion is timely filed on account of United States Supreme Court cases Rosales-Mireles v. United States, No. 16-9493, and Class v. United States, No. 16-424.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in July 2015 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Petitioner did not file the § 2255 until more than thirty months after his conviction became final.

Petitioner argues that his motion should be considered timely filed within one year of Rosales-Mireles v. United States, No. 16-9493, and Class v. United States, No. 16-424. The Supreme Court has not yet decided Rosales-Mireles v. United States. In Class, the Supreme Court held on February 21, 2018, that a guilty plea ordinarily does not bar a federal criminal defendant from appealing the conviction to challenge the constitutionality of the statute of conviction. Class v. United States, __ U.S. __, 200 L. Ed. 2d 37, 41 (2018). Petitioner fails to establish that Class has any bearing on the timeliness of the § 2255 motion. Cf. 28 U.S.C.

2

§ 2255(a) (already permitting a collateral attack for, inter alia, a sentence imposed in violation of the Constitution). Consequently, neither Rosales-Mireles nor Class triggers the filing period pursuant to 28 U.S.C. § 2255(f)(3). Moreover, neither case qualifies as a "new fact" for purposes of 28 U.S.C. § 2255(f)(4). See, e.g., Whiteside v. United States, 775 F.3d 180, 183-84 (4th Cir. 2014). Accordingly, § 2255(f)(1) is the appropriate limitations period, and Petitioner filed the § 2255 motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 644-45 (2010). The court does not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Also, Petitioner's invocation of the label "miscarriage of justice," purportedly caused by ineffective assistance of counsel, is not sufficiently "convincing" to bypass the statute of limitations. See, e.g., McQuiggin v. Perkins, 569 U.S. 383, 399 (2013) (discussing the high threshold to establish a "convincing" miscarriage of justice claim); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting labels and conclusions are insufficient to state a claim). Accordingly, the court finds that Petitioner filed the § 2255 motion beyond the one-year

limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.[1]

### III.

For the foregoing reasons, the court dismisses the § 2255 motion as untimely filed. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied. Petitioner's motions for a transcript in support of the § 2255 motion (ECF Nos. 42, 45) are denied as moot.

**ENTER**: This 16th day of April, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[1] Petitioner also invokes 28 U.S.C. § 2255(e), commonly known as the "savings clause" of § 2255. The court lacks jurisdiction to convert the invocation into a "savings clause" argument arising under 28 U.S.C. § 2241 because Petitioner is not housed within this district. See, e.g., 28 U.S.C. § 2241(a) (discussing territorial limitation); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (discussing the "savings clause").