IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal Action No. 5:14-cr-53 |
| v. | ) | |
| | ) | |
| SCOTT MATTHEW PIERCE, | ) | By:  Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant | ) | |

## MEMORANDUM OPINION

On November 22, 2022, defendant Scott Matthew Pierce, proceeding pro se, filed a

motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 68. On

December 17, 2023, the Federal Public Defender filed a supplemental motion on Pierce's

behalf. ECF No. 73. The government responded in opposition to Pierce's motion on January

15, 2024. ECF No. 77. For the reasons stated below, the court will **DENY** Pierce's motion

for a sentence reduction pursuant to § 3582(c)(1)(A).

### I. Background

On November 13, 2014, Pierce was charged via an information with one count of

distributing a measurable quantity of heroin which resulted in the serious bodily injury and

death of another. Information, ECF No. 1. The government also filed a notice of enhanced

punishment pursuant to 21 U.S.C. § 851.[1] That same day, Pierce entered into a Rule 11(c)(1)(C)

plea agreement and pled guilty. The parties agreed that he would be sentenced within the range

---

[1] Section 851 provides the following: "No person who stands convicted of an offense under this part shall be
sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before
entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of
such information on the person or counsel for the person) stating in writing the previous convictions to be
relied upon." 21 U.S.C. § 851.

of 180 months to 292 months. ECF Nos. 6, 7. On June 22, 2015, Pierce was sentenced to a term of 210 months, to be followed by a 6-year period of supervised release. J., ECF No. 32. Pierce currently is housed at Federal Correctional Institution Hazelton and has a projected release date of May 29, 2030.[2]

Pierce seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that the following conditions present extraordinary and compelling reasons for compassionate release: (1) the COVID-19 pandemic; (2) the length of the sentence he received; (3) his mother's declining health; and (4) his positive institutional adjustment.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[2] https://www.bop.gov/inmateloc// (search "Scott Matthew Pierce") (last viewed Feb. 1, 2024).

Accordingly, Pierce's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Pierce submitted his request for compassionate release to the warden of his facility on May 9, 2022, ECF No. 68-1 at 2, and filed his motion for a sentence reduction more than 30 days later. The government does not contest that Pierce has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Pierce has satisfied the statute's exhaustion requirement.

The court next must consider whether it should reduce the term of imprisonment. The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The revised guidelines will be applied to Pierce's motion.

3

## A. COVID-19

Under the revised guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease a defendant must show the following:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i);
>
> and (iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Pierce cannot make this showing because he cannot show either that FCI Hazelton is affected by an outbreak of an infectious disease, or that an ongoing public health emergency is currently in effect as declared by a federal, state, or local authority. At this time, FCI Hazelton has zero open cases of COVID-19 out of 3,789 inmates.[3] In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by the COVID-19 pandemic.[4]

In addition, even if Pierce could show the existence of the first two conditions, he cannot show that he is at increased risk of suffering severe medical complications or death

---

3 https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed Feb. 1, 2024).
4 https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last viewed Feb. 1, 2024).

that cannot be adequately mitigated in a timely manner. Pierce has been vaccinated against COVID-19, Med. R., ECF No. 77-9 at 5–6, and the vaccines "provide sustained protection against severe disease and death. …"[5] Therefore, even if Pierce could show that COVID-19 was causing an outbreak at his facility or was considered an ongoing public health emergency, he cannot show that his risk has not been mitigated by a vaccine against the virus.

Based on the foregoing, Pierce cannot show that COVID-19 creates an extraordinary and compelling reason for a sentence reduction and therefore, his motion for a sentence reduction based on the COVID-19 pandemic is **DENIED**.

### B. Length of Sentence

Pierce makes a general argument that his sentence is too long. See Mot., ECF No. 68 at 17–20. The new guidelines provide the following when assessing whether an unusually long sentence can be an extraordinary and compelling reason for a sentence reduction:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that

---

[5] https://www.cdc.gov/respiratory-viruses/whats-new/5-things-you-should-know.html (updated Oct. 13, 2023) (last viewed Feb. 1, 2024).

extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§ 1B1.13 (b)(6) and (c).

Here, Pierce has not yet served 10 years of his federal sentence. However, even if he had served 10 years of his sentence, it does not appear that a change in the law has occurred that would produce a gross disparity between the sentence he received in 2015 and the sentence he likely would receive today. At the time he was sentenced, Pierce faced a statutory maximum sentence of 30 years on Count 1 and a guidelines range of 360 months to life. However, because the statutory maximum sentence was 30 years, his guidelines range was 360 months. PSR, ECF No.71 ¶¶ 82, 83. He would face the same penalties today. See 21 U.S.C. § 841(b)(1)(C).[6]

Because the law has not changed since Pierce was sentenced such that it created a disparity between the sentence he received in 2015 and the sentence he likely would receive today, he cannot show an extraordinary and compelling reason for a sentence reduction. Therefore, the court will **DENY** Pierce's motion for a sentence reduction based on his claim of receiving an unusually long sentence.

### C. Mother's Declining Health

Pierce also claims that he is entitled to a sentence reduction so that he can be released to care for his elderly mother. Under the revised guidelines, a defendant may be able to show

---

[6] Both in 2015 and today, had Pierce proceeded to trial, with the § 851 enhancement he would have faced a mandatory life sentence. See PSR, ECF No. 71 ¶ 84 and 21 U.S.C. § 841(b)(1)(C).

an extraordinary and compelling reason for a sentence reduction upon producing evidence that the defendant's parent is incapacitated and the defendant is the only available caregiver for the parent. USSG § 1B1.13(b)(3)(C) (Nov. 2023).

Pierce asserts that his mother has had two strokes and has a stent in one of her cardiac arteries. Mot., ECF No. 68 at 10–11. In his supplemental motion, Pierce submitted evidence that his mother is being treated for lung cancer and heart disease and has a history of stroke. In addition, a disabled son lives with her and she provides care for him. Supp. Filing, ECF No. 73. Pierce asserts that he is the only person available to care for his mother.

Prior to the issuance of the revised guidelines, there was no specific provision for compassionate release in the context of a need to care for an incapacitated parent. Nevertheless, courts occasionally found extraordinary and compelling circumstances in cases of extreme need where the defendant was the only possible caretaker of the parent. For example, in United States v. Hicklin, No. 6:16-cr-2, 2020 WL 7406791, at *3 (W.D. Va. Dec. 11, 2020), the court found that a defendant showed an extraordinary and compelling circumstance warranting compassionate release where he was the only possible caretaker for his mother who had severe medical issues and who herself took care of a disabled adult daughter. Similarly, in United States v. Bucci, 409 F.Supp.3d 1, 2 (D. Mass. 2019), the court granted compassionate release upon a finding that the defendant was the only available caregiver for his ailing mother. See also United States v. Hernandez, No. 16-20091-CR-Williams, 2020 WL 4343991 (S.D. Fla. April 3, 2020) (granting compassionate release when defendant showed he was the only potential caregiver for his mother who had cancer, was functionally blind, and had mobility limitations), and United States v. Walker, No. 1:11 CR

7

270, 2019 WL 5268751, at * 2 (N.D. Ohio Oct. 17, 2019) (granting compassionate release to defendant who provided undisputed evidence to the court of his mother's serious illness, along with a showing that he had an unusual and lucrative job opportunity and was scheduled for release to a halfway house within three months).

In Pierce's case, while the evidence he submitted shows that his mother is being treated for non-small cell lung cancer and other illnesses, the evidence does not show that she is incapacitated. In the most recent medical record submitted, dated September 26, 2023, Pierce's mother reported that her energy level was low, but she was able to do all her activities of daily living, including driving, errands, cooking, and housekeeping. Her appetite was good and her weight was stable. Med. R., ECF No. 73-2 at 1.

Regarding her disabled son, in August 2023 Pierce's mother reported "trauma and anxiety at her house and the people in it." Med. R., ECF No.73-2 at 8. She was living with her son who is "mentally challenged" and has diabetes, and his girlfriend, who "has her own issues." Pierce's mother said she felt safe and denied physical harm, but reported anxiety because her son "[threw] tantrums." She wanted to obtain a medical guardianship over her son because he was not taking his prescribed medications and when he did not get his way he would engage in self-harm. Id.

Although it is terribly unfortunate that Pierce's mother is being treated for lung cancer and other medical conditions, and although her life no doubt is made more challenging by living with her son and his girlfriend, she does not appear to be incapacitated. To the contrary, she appears to be able to care for herself and her disabled son, albeit with anxiety and fatigue. The court finds that on the record before it, Pierce has not shown that his mother's health

situation presents an extraordinary and compelling reason for compassionate release. See United States v. Crisp, No. 1:11-cr-00026-JLT-1, 2022 WL 3448307, at *2 (E.D. Cal. Aug. 17, 2022) ("If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one."); United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (noting that the need to care for an elderly parent was not extraordinary because "[m]any, if not all inmates, have aging and sick parents.") Accordingly, Pierce's motion for compassionate release based on his mother's declining health is **DENIED**.

### D. Positive Institutional Adjustment

Pierce also argues that his positive adjustment while in prison is an extraordinary and compelling reason for a sentence reduction. He points out that since being incarcerated he has taken a number of classes and at the time he filed his motion, he was planning to test for the GED for which he had been studying. The court is impressed with Pierce's efforts to become a productive and law-abiding citizen and particularly with his pursuit of education. Pierce's acquisition of skills and his determination to do better will assist him with his transition to life outside of prison upon his release.

Unfortunately, the guidelines make clear that rehabilitation is not an extraordinary and compelling reason for granting compassionate release. USSG § 1B1.13(d) provides the following:

> Rehabilitation of the Defendant.—Pursuant to 28 U.S.C. § 994(t), rehabilitation is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in

determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

At this time, Pierce has not shown that he is entitled to compassionate release on any ground and the court cannot consider his rehabilitation by itself as an extraordinary and compelling reason for granting compassionate release. Accordingly, the court will **DENY** his motion based on his rehabilitation.

Because the court finds that Pierce has not shown an extraordinary and compelling reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'")

**III. Conclusion**

For the reasons stated herein, the court **DENIES** Pierce's motions for compassionate release, ECF Nos 68, 73.

An appropriate order will be issued.

It is so **ORDERED**.

Entered: 02/21/2024

Michael F. Urbanski
Chief United States District Judge