CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 26, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **Criminal Action No. 5:14-cr-53** |
| **v.** | ) | |
| | ) | |
| **SCOTT MATTHEW PIERCE,** | ) | **By: Michael F. Urbanski** |
| | ) | **Senior United States District Judge** |
| **Defendant** | ) | |

**MEMORANDUM OPINION**

On April 30, 2026, defendant Scott Matthew Pierce, proceeding pro se, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. ECF No. 82. On June 8, 2026, the Federal Public Defender filed a supplemental motion on Pierce's behalf. ECF No. 85. The government responded in opposition to Pierce's motion on July 1, 2026. ECF No. 86. For the reasons below, the court will **DENY** Pierce's motion for a sentence reduction pursuant to § 3582(c)(1)(A).[1]

**I. Background**

On November 13, 2014, Pierce was charged via an information with one count of distributing a measurable quantity of heroin which resulted in the serious bodily injury and death of another. Information, ECF No. 1. The government also filed a notice of enhanced punishment pursuant to 21 U.S.C. § 851. That same day, Pierce entered into a Rule 11(c)(1)(C) plea agreement and pled guilty. The parties agreed that he would be sentenced within the range of 180 months to 292 months. ECF Nos. 6, 7. On June 22, 2015, Pierce was sentenced to a

[1] This is Pierce's second motion for compassionate release. His first motion was denied on February 23, 2024. ECF Nos. 68, 73, 80, 81.

term of 210 months, to be followed by a 6-year period of supervised release. J., ECF No. 32. Pierce currently is housed at Federal Correctional Institution Fairton and has a projected release date of July 11, 2029.[2]

Pierce seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he needs to be released to care for his mother who is terminally ill with cancer. The government responds that Pierce has not met his burden of showing an extraordinary and compelling reason for compassionate release and also that the 18 U.S.C. § 3553(a) factors do not weigh in favor of release.

**II. Compassionate Release**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[2] https://www.bop.gov/inmateloc/ (search term "Scott Matthew Pierce") (last viewed August 13, 2026)

Accordingly, Pierce's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

**A. Exhaustion**

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Pierce submitted his request for compassionate release to the warden of his facility on August 18, 2025, and the warden denied his request on October 16, 2025. ECF No. 85-1 at 1–2. Pierce filed his motion for a sentence reduction more than 30 days later. The government does not contest that Pierce has exhausted his administrative remedies and the court finds that Pierce has satisfied the statute's exhaustion requirement.

**B. Extraordinary and Compelling Reason**

The court next must consider whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines).

Pierce claims that he is entitled to compassionate release because his mother is terminally ill with cancer and he would like an opportunity to provide comfort and support to her. Under the relevant revised guideline, USSG § 1B1.13(b)(3)(C), to demonstrate an extraordinary and compelling reason for a sentence reduction based on the need to care for a parent, the defendant must show "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Applying the policy statement to Pierce's motion, the court must first determine whether Pierce has shown that his mother is "incapacitated." If Pierce makes that showing, the court next looks at whether Pierce has shown that he is his mother's only available caregiver.

Pierce submitted a letter dated January 19, 2026, from a nurse practitioner at a hospice service provider who stated that Pierce's mother has a "terminal condition of lung cancer" and her prognosis was six months or less if the disease followed its expected course. Pierce's mother was receiving hospice services focused on comfort, symptom management, and quality of life. Letter, ECF No. 82-3.

The sentencing guidelines do not provide a definition of "incapacitated," but this court previously has looked to Bureau of Prisons (BOP) Program Statement 5050.50, which describes the procedures the BOP uses to implement requests for compassionate release. The program statement defines "incapacitation" as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse . . . is completely disabled, meaning that the spouse . . . cannot carry on any self-care and is totally confined to a bed or chair." United States v. Collins, No. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 (D. Kan., Jan. 13, 2020) (quoting BOP Program Statement § 5050.50 at 10).

While the program statement is not binding on the courts, it indicates the severity of incapacitation that the BOP finds necessary in determining that a defendant has demonstrated an extraordinary and compelling reason for compassionate release, and many courts, including this one, look to the program statement for guidance. See, e.g., United States v. Vaughn, Nos. 7:10-CR-17, 7:19-CR-25, 2025 WL 84215, at *4 n.4 (W.D. Va. Jan. 13, 2025) (Urbanski, J.); United States v. Castle, No. 2:15-cr-00190-KMJ-DB-2, 2024 WL 3429668, at *2 (E.D. Cal., July 16, 2024); and United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021).

In United States v. Taveras, 731 F. Supp. 3d 94, 99 (D. Mass. April 12, 2024) (citing United States v. Beck, 425 F. Supp. 3d 575, 579 (M.D.N.C. 2019)), a district court found that relying solely on BOP Program Statement 5050.50 was inappropriate, reasoning that revisions to 18 U.S.C. § 3582(c)(1) were intended to provide courts with more oversight and discretion and allow for sentence reductions even when the BOP found they were not appropriate. The Taveras court looked at the definition of an incapacitated person in the Uniform Probate Code, Section 5-102(4) (1969, revised 2019) (UPC). Under the UPC, "a person is 'incapacitated' when that individual, 'for reasons other than being a minor, is unable to receive and evaluate information or make or communicate decisions to such an extent that the individual lacks the ability to meet essential requirements for physical health, safety, or self-care, even with appropriate technological assistance.'" Taveras, 731 F. Supp. 3d at 99. See also United States v. Ross, No. 4:17-cr-00102-AKB-1, 2024 WL 3677337, at *2 (D. Idaho, Aug. 5, 2024) (citing Taveras and denying motion for compassionate release in part because

defendant did not show that his mother "lack[ed] the ability to meet essential requirements for physical health, safety, or self-care.").

Recognizing that neither the BOP program statement nor the UPC definition of "incapacitation" is binding, but looking to both for guidance, the court will assume for purposes of this motion that Pierce's mother is incapacitated. That fact that she qualifies for hospice care is a strong indicator that she cannot take care of herself and needs assistance with activities of daily living.

The court next must determine whether Pierce is his mother's only available caregiver. See USSG Amend. 814 (App. C. Vol. 4 at 206) (Nov. 1, 2025) (stating that relief is available only where "defendant establishes both the qualifying relationship and that the defendant is the only available caregiver."). Pierce has the burden of proof on this issue. United States v. Stamper, No. 3:20-CR-00295, 2024 WL 3512807, at *5 (W.D.N.C. July 23, 2024). See also United States v. Richardson, No. 5:18-CR-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) ("The court declines to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver.")

In his motion, Pierce does not assert that he is his mother's only available caregiver and provides no evidence that no one else is available to care for her. Rather, the focus of his motion is his desire to spend time with his mother and provide relief and comfort in her last days. Mot., ECF No. 82. While the court is sympathetic to Pierce and his mother, and respects his wish to be with her, it nevertheless must conclude that Pierce has not met his burden of showing that he is her only available caregiver. Because he has not done so, his motion for compassionate release must be **DENIED**.

### C. 18 U.S.C. § 3553(a) Factors

Because the court finds that Pierce has not shown an extraordinary and compelling reason for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'").

## III. Conclusion

For the reasons stated herein, the court **DENIES** Pierce's motions for compassionate release, ECF Nos. 82, 85.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 26, 2026

Mike Urbanski
Senior U.S. District Judge
2026.08.26 09:00:15
-04'00'

Michael F. Urbanski
Senior United States District Judge